Opinion of the Court.
Southard J.
There was a trial below, on the return day of the summons, and in the absence of the defendant. The state of demand is in the following words:
“ Samuel Miller, To Philip Stoy, Dr.
1817. P'ebruary, To cutting one white-oak tree and taking the same away without leave, $8 00”
If this was designed as a state of demand, in trespass, there **must be a reversal. It is, in many respects, deficient, and does not at all comport with the style of action which is debt.
But the plaintiff, no doubt, intended to bring an action of debt, under what is called our timber act, (Pat. 49.) to recover the penalty for cutting a single tree. If this be so, the name of the prosecutor and title of the statute ought to be endorsed on the process, (b) And the state of demand is defective in not setting out, in what right the plaintiff sued; whether as owner or informer; (c) where the tree was cut; (d) that the defendant had neither right nor permission to cut it; (e) and by what act of the legislature the suit was authorised. (f)
There must be a reversal.

 Oliver m. Larzaleer, post 513. Ackerson vs. Zabriskie, 3 Hal. 167. Dallas vs. Hendry, Pen. *973. Griffith vs. West, 5 Hal. 301.

 Williamson vs. Carroll, 1 Har. 217. Castner vs. Egbert, 7 Hal. 259. Boswell vs. Robinson, 4 Vr. 273. Harris vs. Moore, Coxe 44---vs. Gaston, Coxe 52. Jones vs. Pitman, 7 Hal. 93. Vandeventer vs. Van Court, Pen. *169.

 Hill vs. Carter, 1 Har. 87. Matthews vs. Pemberton, Pen. *428. Kerr vs. Harker, 2 Hal. 349.

 See Winter vs. Peterson, 4 Zab. 524. Davidson vs. Schenck, 2 Vr. 174.

 See Anonymous, Pen. *516. Thorpe vs. Rankin, 4 Har. 36. Crawford vs. N. J. R. R., 4 Dutch. 479.